E-FILED
Friday, 01 April, 2022 01:01:07 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARQUIS THOMPSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-2171 |
| | ) | |
| MATHEW ANDERSON, et. al, | ) | |
| Defendants | ) | |

MERIT REVIEW ORDER #2

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's Motion for Leave to

File an Amended Complaint [9] and Motion for Appointment of Counsel. [10].

I. BACKGROUND

Plaintiff's first complaint was dismissed for failure to state a claim upon which

relief could be granted. *See* September 27, 2021 Merit Review Order. Plaintiff failed to

identify the proper Defendants and failed to provide a factual basis for a constitutional

violation. Therefore, the Court provided Plaintiff with instructions and additional time

to file an amended complaint to clarify his intended claims.

Plaintiff has responded with his proposed amended complaint which has been

filed as a Motion for Leave to Amend. [9]. The Motion is granted pursuant to Federal

Rule of Civil Procedure 15. [9].

II. MERIT REVIEW

The Court is still required to "screen" the Plaintiff's amended complaint, and

through such process to identify and dismiss any legally insufficient claim, or the entire

1

action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff has identified five Defendants including Matthew Anderson, S. Perry, and Terry Collins; Macon County; and the Macon County Sheriff.  Plaintiff says on or about October 29, 2020, he observed Defendant Detainee Anderson take items from Detainee C.B.'s cell.   Plaintiff informed Detainee C.B. who reported the incident to officers.

After all detainees were locked in their cells for the evening, an unidentified officer called Defendant Anderson to the officer's station.  Plaintiff could not hear the conversation, but did hear Defendant Anderson apologize to Detainee C.B.  Defendant Anderson also stood outside Plaintiff's cell and began yelling, calling Plaintiff a "snitch" and threatening "he was going to fuck me up whenever he catch(es) me." (Amd. Comp., p. 5).

Two officers then entered the housing unit and told Defendant Anderson to pack his belonging because he was moving to segregation.  Plaintiff continued to threaten Plaintiff as he was escorted out of the unit.  Due to the threats, Plaintiff and Defendant were placed on each other's enemies list so they would not be housed together.

The next morning Plaintiff heard Defendant Anderson calling him a bitch and threatening to assault him when the housing unit doors were opened. Plaintiff says the Defendant was moved from segregation to the housing unit "right across" from his. (Amd. Comp., p. 6).

2

On November 2, 2020, Plaintiff left his cell to make a phone call and noticed the doors to his housing unit were open. "No one was coming or going in or out so it was very unusual for it to be open at that time." (Amd. Comp., p. 6). While Plaintiff was on the phone, he noticed the doors to the neighboring housing unit were also open. Plaintiff says the doors to the two units were not supposed to be open at the same time.

Defendant Anderson then entered Plaintiff's housing unit and attacked Plaintiff while he was on the phone. Plaintiff says the Defendant had a homemade shank which he used to assault Plaintiff.

Plaintiff later learned Defendant Officers Perry and Collins were on duty and allowed the doors to remain open. The officers claimed they were assisting a diabetic inmate, but Plaintiff says there was a nurse on duty and he believes the officers intentionally looked the other way when Anderson entered Plaintiff's unit. Plaintiff says Macon County officers "have a history of doing so," but he does not explain this statement further.

Plaintiff was a pretrial detainee at the time of the attack. Therefore, his claims are pursuant to the Fourteenth Amendment. *See Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015); *Graves v. Hake*, 2021 WL 217278, at *1 (N.D.Ind. Jan. 20, 2021). Plaintiff must demonstrate: "(1) he faced objectively serious conditions, meaning a substantial risk of serious harm; (2) the defendants acted purposefully, knowingly, or recklessly with respect to the consequences of their actions; and (3) the defendants' actions were objectively unreasonable." *See Young v. Dart*, 2021 WL 3633927, at *9 (N.D.Ill. Aug. 17,

2021), *citing Hardeman v. Curran*, 933 F.3d 816, 827 (7th Cir. 2019). "Alleged negligence or gross negligence on the part of the officer does not suffice." *Wilson v. Cook County, Illinois*, 2020 WL 5642945, at *2 (N.D.Ill. Sept. 22, 2020), *citing Miranda v. Cty. of Lake*, 900 F.3d 335, 353-540 (7th Cir. 2018). Plaintiff has adequately stated a claim against Defendants Perry and Collins for the purposes of notice pleading.

However, Plaintiff cannot sue Detainee Anderson pursuant to 42 U.S.C. §1983. "[A]n inmate who assaults another inmate without more is not a state actor and may not be a defendant in a section 1983 action." *Fisher v. LaPorte County Jail*, 2010 WL 148316 at 3 (N.D.Ind. Jan. 11, 2010).

Defendant does not mention the Macon County Sheriff in his amended complaint. *See Kuhn v. Milwaukee County*, 59 F. App'x 148, 150 (7th Cir. 2003) (merely naming defendants in the caption of a complaint does not state a claim against them); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (district court properly dismissed *pro se* complaint where it alleged no specific conduct by the defendant and only included the defendant's name in the caption). Therefore, Plaintiff has failed to state how the Defendant Sheriff had any involvement in his allegations. *See Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016)(plaintiff must "show that the defendants were personally responsible for the deprivation of their rights.").

In addition, if Plaintiff intended to state an official capacity claim, he has failed to allege an official policy, practice, or custom lead to the deprivation of his constitutional rights. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Therefore,

all other claims and Defendants will be dismissed for failure to state a claim upon which relief can be granted.

### III. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has renewed his motion for appointment of counsel.[10]. The Court cannot require an attorney to accept *pro bono* appointment in a civil case.  The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

> Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases. District courts are thus placed in the unenviable position of identifying, among a sea of people lacking counsel, those who need counsel the most. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014).

Ultimately "[t]he question is not whether a lawyer would present the case more effectively than the *pro se* plaintiff; if that were the test, district judges would be required to request counsel for every indigent litigant." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)(internal quotation omitted). The text is whether the litigant is competent to litigate his own claims. *Pruitt,* 503 F.3d 655.

Specifically, the Court must consider two questions.  First, "has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so." *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).  Plaintiff has now provided a list of attorneys he has contacted.

Therefore, the Court must focus on the second inquiry, "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a

layperson to coherently present it to the judge or jury himself." *Pruitt,* 503 F.3d at 655. !

5C@Court must consider all aspects of the litigation including gathering evidence and responding to motions. *Eagan v. Dempsey*, 2021 WL 456002, at *8.

Plaintiff was able to follow the Court's directions in the initial merit review order and he has provided a clear factual basis for his surviving claim. In addition, Plaintiff's failure to protect claim is not complex, and he is able to explain what happened.

Plaintiff says he is in the Macon County Jail and he does not have access to "records" concerning institutional security. [10]. Plaintiff is no longer incarcerated in the jail and he will be able to obtain relevant documents during discovery including any incident reports.

Plaintiff also says he takes a mental health medication and some side effects include memory lapses. Plaintiff has not identified any specific mental health condition which would prevent him from litigating this case. In addition, Plaintiff will have adequate time to respond to any discovery requests concerning his claims.

Once the Defendants are served, the Court will set this matter for a hearing to discuss Plaintiff's claims, potential defenses, and needed discovery. In addition, the Court will enter a Scheduling Order which will provide additional information to assist a pro se Plaintiff with the discovery process. Based on the current record, Plaintiff's motion is denied. [10].

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the amended complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Macon County Jail Correctional Officers S. Perry and Terry Collins violated Plaintiff's Fourteenth Amendment rights when they failed to protect him from an inmate assault on or about November 2, 2020. The claim is stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall

provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a

8

change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's Motion for Leave to File an Amended Complaint. [9];**

**2) Add Defendants Macon County Officers S. Perry and Terry Collins; 3) Dismiss Defendants Macon County, Macon County Jail, Macon County Sheriff, and Matthew Anderson for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 4) Deny Plaintiff's motion for appointment of counsel, [10]; 5) Attempt service on Defendants Perry and Collins pursuant to the standard procedures; 6) Set an internal court deadline 60 days from the entry of this order for the Court to check on the status of service and enter scheduling deadlines; and 7) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 1st day of April, 2022.

s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE